IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OMAR SHARIF COLE,       ) | |
|     ID # 49553-177,       ) | |
|       Movant,       ) | |
| )       | No. 3:19-CV-664-D-BH |
| vs.       ) | No. 3:15-CR-226-D(14) |
| )       | |
| UNITED STATES OF AMERICA,       ) | |
|       Respondent.       ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on March 18, 2019 (doc. 1). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

## I.   BACKGROUND

Omar Sharif Cole (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-226-D(14). The respondent is the United States of America (Government).

### A.   Conviction and Sentencing

On May 20, 2015, Movant and several co-defendants were charged by indictment with two counts of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Counts One and Two). (*See* doc. 1.)[2] He pled guilty to Count Two of the indictment on January 22, 2016, under a plea agreement. (*See* docs. 255, 300.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-226-D(14).

cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 255 at 1.)[3] He agreed that the factual resume he signed was true and would be submitted as evidence. (*See id.*) The plea agreement set out the range of punishment for Count Two and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2.) He understood that the Court had sole discretion to impose the sentence. (*See id.*) He had thoroughly reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to enter into the plea agreement and plead guilty. (*See id.* at 5.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id.* at 4.) He waived his right to appeal and to contest his conviction and sentence in a collateral proceeding, except in the limited circumstances set out in the plea agreement. (*See id.*) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea, to file a supplement regardless of whether or not there were any additional terms, and to dismiss any remaining charges against him in the pending indictment after sentencing. (*See id.* at 3.)

      At his re-arraignment on January 22, 2016, Movant acknowledged under oath that he understood the factual resume and had the opportunity to discuss it carefully with counsel, that he had committed each of the essential elements of the offense, and that the stipulated facts were true and correct. (*See* doc. 676 at 14-15.) He affirmed that he had discussed with his attorney how the sentencing guidelines worked; he understood that the guidelines were advisory and that his

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

counsel's professional opinion concerning what she thought the guideline range might be in Movant's case was not a guarantee or promise. (*See id* at 9-11.) He acknowledged that no one had made any specific prediction or promise about what his sentence would be, and that the Court alone would decide his sentence. (*See id.* at 9.) He acknowledged that by pleading guilty, he was subjecting himself to a maximum period of imprisonment of 20 years. (*See id.* at 8-9.) He pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 13, 15.)

On May 13, 2016, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2015 United States Sentencing Guidelines Manual. (*See* doc. 413-1 at ¶ 31.) The PSR held Movant accountable for 34,385.6 kilograms of marijuana equivalent, which included quantities of PCP that a cooperating source reported were supplied by Movant during the conspiracy, and PCP (actual) found at a second residence maintained by Movant. (*See id.* at ¶¶ 20-25.) The PSR calculated Movant's base offense level by using the drug quantity table under U.S.S.G. §2D1.1(c)(2). (*See id.* at ¶ 32.) Because the offense involved the equivalent of at least 30,000 kilograms but less than 90,000 kilograms of marijuana, the base offense level was 36. (*See id.*) Four levels were added under U.S.S.G. §3B1.1(a) based on Movant's role as an organizer or leader. (*See id.* at ¶ 34.) The PSR determined that Movant was a career offender under U.S.S.G. § 4B1.1(a), but because the offense level under the applicable career offender table was not higher than the offense level under the applicable drug quantity table, the offense level under U.S.S.G. 2D1.1(c)(2) controlled. (*See id.* at ¶ 37.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 37. (*See id.* at ¶¶ 38-40.) Based on a criminal history category of VI and an offense level of 37, the resulting guideline imprisonment range was 360 months to life. (*See id.* at ¶ 89.) Because 240 months was the statutory maximum for the offense, it became the guideline sentence. (*See id.*)

Movant objected to the PSR's inclusion of PCP quantities in determining the drug quantity for which he was accountable, arguing that the bases for the PCP allegations were unfounded, and that there was no evidence to support his involvement with PCP. (*See* doc. 514 at 1-2, 4, 17.) He also objected to the role enhancement and the finding that he was a career offender. (*See id.* at 2, 4-17.) On September 30, 2016, the USPO submitted an addendum to the PSR addressing all three objections, which supported the PSR as written. (*See* doc. 553-1 at 1-3.) The addendum also added 125 grams of cocaine to the drug quantity total that had been inadvertently omitted from the PSR, resulting in a new total of 34,410.6 kilograms of marijuana equivalent accountable to Movant. (*See id.* at 2, 4-5.) Movant objected to the addendum on October 6, 2016, again arguing that the evidence in the PSR was "insufficient to support a finding that the PCP quantities are considered 'relevant conduct' because the standard for 'relevant conduct' has not been met," and objecting to the addition of the 125 grams of cocaine to the total drug quantity amount. (doc. 556 at 2.) He also objected to the addendum's conclusions on his career offender status and the role enhancement. (*See id.* at 6-13.)

At the sentencing hearing on October 14, 2016, the Court heard testimony and arguments on Movant's objections to the inclusion of the PCP amounts in the PSR's drug quantity calculation and to the role enhancement and overruled them. (*See* doc. 595 at 4-36.) It determined that a ruling on Movant's objection to his career offender status was not necessary because it would not affect the sentencing guideline calculation or sentencing. (*See id.* at 36-37.) By judgment dated October 17, 2016, Movant was sentenced to 240 months' imprisonment on Count Two, to run consecutively to any sentence imposed in Case No. F-0554931 in the 292nd Judicial District Court of Dallas County, Texas, and to be followed by a three-year term of supervised release. (*See* doc. 563 at 1-3.) He was also ordered to pay a $100 assessment. (*See id.* at 5.)

On appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed on December 20, 2017. *See Untied States v. Cole*, 707 F. App'x 246 (5th Cir. 2017). Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.     Substantive Claims**

Movant asserts the following grounds for relief:

(1) Counsel Was Ineffective For Failing To Seek Suppression Of The PCP Seized From The Apartment For Sentencing Purposes; and

(2) Counsel Was Ineffective For Failing To Argue That The Government Breached The Plea Agreement.

(No. 3:19-CV-664-D-BH, doc. 1 at 4-5.) On May 20, 2019, the Government filed a response. (*See id.*, doc. 6.) Movant filed a reply on June 19, 2019. (*See id.*, doc. 7.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring

[such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses

6

on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A.      **Failure to Move to Suppress for Sentencing Purposes**

In his first ground, Movant argues that counsel "was ineffective for failing to seek suppression of the PCP that was discovered in the apartment" for purposes of sentencing. (No. 3:19-CV-664-D-BH, doc. 2 at 11; *see also id.* doc. 1 at 4.) He claims that the search of his apartment was illegal because the woman who described herself as his girlfriend, in whose name the apartment was leased, did not have actual or apparent authority to consent to a search of the apartment. (*See id.*, doc. 2 at 12, 14-15.) Even if she did have authority to consent to the search of the apartment, Movant argues, her consent did not extend to the location in the apartment where the PCP was found. (*See id.*, doc. 2 at 15-16.)

Here, Movant does not challenge the voluntariness of his guilty plea. (*See* doc. 676 at 13.) The Court accepted his guilty plea, finding that it was knowing and voluntary. (*See id.* at 15.) "It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992); *see also Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (holding that a voluntary guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant."); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") Because Movant's guilty plea was voluntary, he waived any Fourth

Amendment challenges to the search of his apartment, and any claim of ineffective assistance of counsel based on such challenges. *See, e.g., Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (concluding that guilty plea waived claim of ineffective assistance of counsel for failure to challenge the legality of the defendant's arrest); *Lynn v. United States*, Nos. 4:17cv670, 4:15cr177, 2020 WL 5797711, at *7 (E.D. Tex. Sept. 7, 2020) (rejecting claim of ineffective assistance of counsel for failure to investigate Fourth Amendment violation on grounds that issue was waived by voluntary guilty plea and meritless), *rec. adopted* 2020 WL 5774899 (N.D. Tex. Sept. 25, 2020). Counsel was therefore not ineffective for failing to raise a waived Fourth Amendment challenge at sentencing. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (stating that counsel is not deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Assuming for purposes of this motion only that Movant had not waived his Fourth Amendment claim by pleading guilty, however, he has also not shown a reasonable probability that a motion to suppress for purposes of sentencing would have been successful. Even accepting his allegations that the search of his apartment was unlawful, "a district court may conduct an inquiry broad in scope, largely unlimited either as to the kind of information it may consider, or the source from which such information may come." *United States v. Robins*, 978 F.2d 881, 891 (5th Cir. 1992). The exclusionary rule of the Fourth Amendment, which generally "prohibits the introduction at trial of all evidence that is derivative of an illegal search," ordinarily does not apply to sentencing. *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (citation and internal quotation marks omitted); *see also Robins*, 978 F.2d at 891 ("The exclusionary rule applicable to Fourth Amendment violations is generally inapplicable to the district court's consideration of evidence for purposes of sentencing."). The Fifth Circuit has recognized a fundamental fairness

exception, however, concluding "that on a case-by-case basis, it might be improper for a district court to consider certain evidence at sentencing," particularly "where 'the use of illegally seized evidence at sentencing would provide a substantial incentive for unconstitutional searches and seizures.'" *United States v. Skilling*, 554 F.3d 529, 592-93 (5th Cir. 2009) (quoting *Verdugo v. United States*, 402 F.2d 599, 613 (9th Cir. 1968)), *vacated in part on other grounds*, 561 U.S. 358 (2010).

Here, Movant claims that the fundamental fairness exception precludes the Court's consideration of the PCP found during the search of his apartment for sentencing purposes because "a contrary holding 'would encourage the government to obtain evidence illegally' by searching premises that it knows it has no lawful consent to search." (No. 3:19-CV-664-D-BH, doc. 2 at 16.) His conclusory statement fails to demonstrate a reasonable probability that, even if the search of the apartment was unlawful, the Court would have excluded the evidence from the search for sentencing purposes under the fundamental fairness exception. Accordingly, Movant cannot demonstrate that his counsel was ineffective for failing to move to suppress evidence from the search of the apartment for purposes of sentencing, and his claim should be denied. *See See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

**B.      Failure to Argue Breach of Plea Agreement**

In his second ground, Movant argues that counsel "was ineffective for failing to object to the Government's breach of the plea agreement." (No. 3:19-CV-664-D-BH, doc. 2 at 17; *see id.*, doc. 1 at 5.)

When considering an alleged breach of a plea agreement, courts apply general principles of contract law and consider "whether the government's conduct is consistent with the defendant's

9

reasonable understanding of the agreement." *United States v. Lewis,* 476 F.3d 369, 387-88 (5th Cir. 2007) (quoting *United States v. Valencia,* 985 F.2d 758, 761 (5th Cir. 1993)). The movant bears the burden of demonstrating a breach of the agreement by a preponderance of the evidence. *Id.* at 387.

Here, Movant argues that "the Government was barred from arguing for inclusion of PCP (actual) or PCP in [Movant's] Guideline calculation." (No. 3:19-CV-664-D-BH, doc. 2 at 18.) He claims that: (1) "he was blindsided by the inclusion of the PCP (actual) and PCP in calculating his sentence"; (2) the plea agreement did not have "any specific offense calculations"; and (3) the plea agreement "did not preserve the [Government's] ability to argue for specific Guideline applications." (*Id.*, doc. 2 at 17.) He also notes that "the parties agreed to a factual resume that makes no mention of PCP (actual) or PCP." (*Id.*, doc. 2 at 18.)

In the plea agreement, the Government agreed it would: (1) not bring any additional charges against Movant based on the conduct underlying and related to his guilty plea; (2) file a supplement regardless of whether or not there were any additional terms; and (3) dismiss, after sentencing, any remaining charges in the pending indictment. (*See* doc. 255 at 3.) The plea agreement contains no agreement by the Government that it would not argue for or defend the inclusion of relevant conduct under the sentencing guidelines for the offense to which Movant was pleading guilty. It is also silent on any agreement or stipulation by the Government regarding any sentencing guideline range or sentence, as Movant recognizes. Because there was no agreement or stipulation by the Government regarding argument for or defense of any relevant conduct to the offense of conviction, or of a specific sentencing guideline range, Movant's allegations that the Government breached the plea agreement by defending the PSR's inclusion of PCP and PCP (actual) in calculating the applicable sentencing guideline range is without merit. *See, e.g.*, *United*

*States v. Purser*, 747 F.3d 284, 294 (5th Cir. 2014) (finding no breach of plea agreement where the government urged the application of a sentencing enhancement not mentioned in the plea agreement and where the plea agreement contained no provision regarding the total offense level); *United States v. Robinson*, 117 F. App'x 973, 979 (5th Cir. 2004) ("The government did not agree not to argue for any sentencing enhancement for the crime to which [the defendant] pled guilty, and the government's position in support of the district court's consideration of relevant conduct obviously did not constitute an additional prosecution of [the defendant] for other violations of Title 18.").

Because the bases for Movant's claim that the plea agreement was breached are without merit, counsel was not ineffective under *Strickland* for failing to raise these meritless grounds. *See Kimler*, 167 F.3d at 893; *Sones*, 61 F.3d at 415 n.5. He is not entitled to § 2255 relief on this ineffective assistance of counsel claim, and it should be denied.

### IV.   EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his § 2255 motion. (*See* No. 3:19-CV-664-D-BH, doc. 7 at 1, 4.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## V. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on March 18, 2019 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 14th day of July, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE